UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

PAUL A. RINFRET,

        Defendant.

- - - - - - - - - - - - - - - - x

:
:
:
:
:
:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/25/2019

**INDICTMENT**

**19 CRIM 535**

## COUNT ONE
### (Securities Fraud)

The Grand Jury charges:

**RELEVANT INDIVIDUALS AND ENTITIES**

1. At all times relevant to this Indictment, PAUL A.
RINFRET, the defendant, operated a purported investment fund
named Plandome Partners L.P. ("Plandome"). In or about 1984,
RINFRET was censured by the New York Stock Exchange for conduct
that took place while he was employed at a particular investment
bank.

2. At all times relevant to this Indictment,
Plandome was a New York limited partnership formed in or about
September 2011. While Plandome Partners was, in fact,
controlled by PAUL A. RINFRET, the defendant, one of RINFRET's
daughters was listed in formation documents as the general
partner, and his son was listed as a limited partner.
Additionally, a bank account was opened for Plandome Partners

with RINFRET's same daughter listed as the only signatory and
authorized user of the account (the "Plandome Bank Account").
RINFRET did not have signature authority on the Plandome Bank
Account, nor does his name appear as an authorized user of the
account.

## RINFRET'S FRAUDULENT SCHEME

3.     From at least in or about 2016 through in or
about June 2019, PAUL A. RINFRET, the defendant, solicited
investments in Plandome through a series of fraudulent
representations, including by relaying to potential investors
that he would invest all of their money in a successful trading
strategy with a proven track record.  Specifically, RINFRET
falsely represented to potential investors that he would use all
of their investment funds to trade futures contracts tied to the
Standard & Poor's 500 index, a stock market index based on the
market capitalizations of 500 large publicly-traded companies,
using a propriety trading algorithm he had developed.  RINFRET
represented that his compensation would be in the form of a fee
equivalent to 25% of the net profits on the trades.

4.     Through these representations, PAUL A. RINFRET,
the defendant, obtained approximately $19 million in total from
approximately six investors.  Most of these investors lived in

2

Manhattan, New York, and RINFRET held investment pitch meetings
with at least one of these investors in Manhattan, New York.

5.    In truth and in fact, once he obtained investor
funds, PAUL A. RINFRET, the defendant, used only a small portion
of those funds to engage in actual trading.  Instead, RINFRET
used most of the funds he obtained from investors to purchase
luxury goods and high-end vacation rentals for himself and
family members.  Additionally, when RINFRET did actually engage
in trading with investor funds, he generated losses.

6.    To prevent investors from seeking a return of
their money, and to induce additional investments, PAUL A.
RINFRET, the defendant, falsely reported to investors excellent
investment performance results through fraudulent monthly
account statements that RINFRET typically emailed to the
Victims.

## Statutory Allegations

7.    From at least in or about May 2016 through at
least in or about June 2019, in the Southern District of New
York and elsewhere, PAUL A. RINFRET, the defendant, willfully
and knowingly, directly and indirectly, by use of the means and
instrumentalities of interstate commerce, and of the mails and
the facilities of national securities exchanges, in connection
with the purchase and sale of securities, used and employed, and

3

caused others to use and employ, manipulative and deceptive
devices and contrivances, in violation of Title 17, Code of
Federal Regulations, Section 240.10b-5, by: (a) employing, and
causing others to employ, devices, schemes, and artifices to
defraud; (b) making, and causing others to make, untrue
statements of material fact and omitting to state, and causing
others to omit to state, material facts necessary in order to
make the statements made, in the light of the circumstances
under which they were made, not misleading; and (c) engaging,
and causing others to engage, in acts, practices, and courses of
business which operated and would operate as a fraud and deceit
upon persons, to wit, RINFRET solicited and obtained millions of
dollars from investors in Plandome Partners L.P., an entity he
controlled, through false and misleading representations and
then misappropriated those funds for his personal benefit.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

8.     The allegations contained in paragraphs 1 through
6 above are hereby repeated, realleged, and incorporated by
reference as if fully set forth herein.

4

9.    From at least in or about May 2016 through at
least in or about June 2019, in the Southern District of New
York and elsewhere, PAUL A. RINFRET, the defendant, willfully
and knowingly, having devised and intending to devise a scheme
and artifice to defraud, and for obtaining money and property by
means of false and fraudulent pretenses, representations, and
promises, transmitted and caused to be transmitted by means of
wire, radio, and television communication in interstate and
foreign commerce writings, signs, signals, pictures, and sounds
for the purpose of executing such scheme and artifice, to wit,
RINFRET, through the use of interstate wires, solicited and
obtained millions of dollars from investors in Plandome Partners
L.P., an entity he controlled, through false and misleading
representations and then misappropriated those funds for his
personal benefit.

(Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATIONS**

10.   As a result of committing one or more of the
offenses charged in Counts One and Two of this Indictment, PAUL A.
RINFRET, the defendant, shall forfeit to the United States pursuant
to Title 18, United States Code, Section 981(a)(1)(C) and Title
28, United States Code, Section 2461(c), any and all property,
real and personal, that constitutes or is derived from proceeds

5

traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Asset Provision

12. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

⌣ (c) has been placed beyond the jurisdiction of the · Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

6

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 981,
> Title 21, United States Code, Section 853, and
> Title 28, United States Code, Section 2461.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

7

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**- v. -**

**PAUL A. RINFRET,**

**Defendant.**

---

**INDICTMENT**

19 Cr.            .

(15 U.S.C. §§ 78j(b) & 78ff, 17 C.F.R.
240.10b-5; 18 U.S.C. §§ 1343 & 2.)

GEOFFREY S. BERMAN
United States Attorney.

*Tracy Hutchett*

7/25/19
KV

Filed Indictment
case assigned to Judge Woods.

Stewart Aaron
USMJ